```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 10-20145-Civ-LENARD
                              MAGISTRATE JUDGE P. A. WHITE
IVAN ERIC LINTON,          :

      Petitioner,          :

v.                         :          REPORT OF
                                   MAGISTRATE JUDGE
UNITED STATES ATTORNEY,    :
ERIC HOLDER, JR., et al.
                           :
      Respondents.¹
_____
```

## I   INTRODUCTION

Ivan Eric Linton has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 (DE#1), challenging his continued detention by the Department of Homeland Security ("DHS"), and seeking his immediate release from custody.

This matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B) and (C).

When the petition DE#1 was filed, Linton was in DHS custody and detained at "Krome" in Miami. He remains at Krome in DHS custody. Linton, who was born in Jamaica, states that he has been a lawful permanent U.S. resident for 30 years, and that his wife, 7 children, and 2 grandchildren are all U.S. citizens. Linton states that he was ordered removed from the United States in December 2006, and that he appealed the deportation order and the appeal was denied in August of 2008. He states that he was taken into custody by ICE (Immigration and Customs Enforcement) officers

---

¹ In its Response/Return to Linton's petition, the Respondent, noting that because Linton is [and has been since his initial filing in this case] detained at the Krome Servicing Process Center, in Miami, the proper respondent in this case is Linton's immediate custodian, Luis Cabarcas, the Supervisory Detention and Deportation Officer in charge of detained case management at the facility, not supervisory officials named in the style of the petition, United States Attorney General, Eric Holder, Jr., and DHS Secretary, Janet Napolitano.

on or about 10/7/2008, and that he does not challenge the validity of the removal order in his case. He claims, however, that his continued detention is in violation of Zadvydas v. United States, 533 U.S. 678 (2001).

In his petition, Linton states that he "has sought the following to effect his deportation" since his detention: (a) "Filled out forms authorizing (DHC-ICE) to process travel documents through his consulate," (b) "Provided his deportation officer to assist with his deportation," and (c) "Called his consulate and provided information to assist with his travel documents, to include the possibility that he could be a British National, being born under the British Commonwealth and prior to Jamaica gaining its independence in 1962."

For its consideration, the Court has Linton's §2241 petition (DE#1); the "Return to Petitioner's Petition" (DE#8) filed by the Respondent in answer to the Court's Order to Show Cause [DE5]; an appendix consisting of the Respondent's supporting Exhibits A-J (filed at DE#8-1); Petitioner Linton's submission of three exhibits (Exs. A-C) for the record (filed at DE#9); Linton's letter to the Court (DE#10) seeking a copy of the government's response to the Order to Show Cause [in response to which a copy of the government's "Return" DE#8, was mailed to Linton on 3/26/2010, see Clerk's Notice at DE#11]; and two Supplemental Notices of Filing by the Respondent: a Supplemental Notice filed 8/12/2010 (DE#12) providing the Court with a copy of the Board of Immigration Appeals ("BIA") 8/10/2010 decision denying Petitioner Linton's 6/23/2010 motion for reconsideration of its denial of his motion to reopen his case, and a Supplemental Notice filed 9/21/2010 (DE#13), providing the Court with copies of two documents, Appendix A, Linton's "Petition for Review" filed 9/9/2010 with the Eleventh Circuit Court of Appeals, and Appendix B, Linton's "Emergency Motion for Stay of Deportation," filed 9/9/2010 with the Eleventh Circuit.

2

Apart from the submission of his three exhibits (DE#9, Exs.A-C), Petitioner Linton has filed nothing in reply to the government's Return/Response DE#8, or its Supplemental Notices of Filing (DE#s 12, 13).

## II   DISCUSSION

### A.   Background; and Petitioner's Filings Apart From the §2254 Proceeding

Linton has a history of drug convictions in the state of Florida, Broward County Case No. 83-301CF involving possession of 39½ pounds of cannabis, in which he was convicted on 4/13/1983 and sentenced to 5 years probation [see Ex.A], and Miami-Dade Case No. 88-8664-B involving conspiracy to possess and attempt to traffic in excess of 40 grams of cocaine, in which he was convicted on 7/18/1989 and sentenced to 5 years probation [see Ex.B].

On 3/16/05 DHS issued a Notice to Appear ("NTA"), charging Linton with removability, based on three violations of the Immigration and Nationality Act, based on the above Broward and Miami-Dade convictions. [Ex.C]. Linton, through counsel, appeared before an immigration judge and admitted the allegations in the NTA. [Ex.D]. On 12/12/2006 the judge denied Linton's request for a waiver of inadmissibility, finding Linton ineligible for the waiver. On 8/29/2008, the BIA affirmed the immigration judge's ruling, finding that the trial jury's conviction of Linton rendered him ineligible for the waiver. [Ex.E]. On 9/25/08 Linton petitioned for review of the BIA's decision, challenging the removal order in the Eleventh Circuit, and also filed an Emergency motion for Stay of Removal. [Ex.F].  On 10/7/2008, ICE officials arrested Linton [DE#1], and on 10/21/2008 the Eleventh Circuit denied Linton a stay of removal. [Ex.F]. On 11/18/2008 the appellate court dismissed his petition for review, granting a motion to summarily affirm the BIA's decision, and finding that the case was not distinguishable

from its decision in <u>Alexandree v. US Atty General</u>, 452 F.3d 1204, 1207 (11 Cir. 2006) [Ex.G]. On 12/4/2008 the Eleventh Circuit denied Linton's motion for reconsideration of the panel order dismissing the case, and denied Linton's renewed motion for stay of removal, as moot. [Ex.H]. On 4/27/2009, the district court denied Linton's habeas petition, Case No. 09-cv-20226-Graham, in part for lack of jurisdiction because he sought review in the district court of his final order of removal, and in part because the habeas petition was prematurely filed less than 6 months after the date of the removal order. [Ex.I]. On 6/15/2009, the Eleventh Circuit dismissed a petition for review, which again challenged Linton's removal order. [Ex.J]. On 8/4/2009 Linton filed a petition for writ of *certiorari* before the U.S. Supreme Court, which was denied on 10/13/2009, and on 1/11/2010, the Court denied Linton's motion for rehearing. [<u>Id.</u>]. The petition in this case was filed on 2/15/2010. As noted in the Respondent's Supplemental Notices, Linton filed a 6/23/2010 motion for reconsideration of denial of his motion to reopen his case, which was denied by the BIA on 8/10/2010, and in a footnote in the ruling denied a request for stay of removal. (DE#12, and attachments thereto). On 9/9/2010, Linton filed Petition for Review with the Eleventh Circuit [DE#13, App.A], and filed an Emergency Motion for Stay of Deportation with the Eleventh Circuit [DE#13, App.B], both of which were pending at the time that the Notice DE#13 was filed on 9/21/2010.

### B. <u>Analysis</u>

Title 28 U.S.C. §2241 provides, in pertinent part, as follows:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions ...
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless ... (3) he is in custody in violation of the Constitution or the laws or treaties of the United States.

(8 U.S.C. §2241(a), (c))

The petitioner Linton's detention pending removal from the United States is governed by Section 241(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §1231(a), et seq. Section 241(a)(2) of the Act provides that the government has a ninety-day removal period to remove an alien ordered removed from the United States. The removal period begins on the latest of the following: (1) the date the order of removal becomes administratively final; or (2) if the removal order is judicially reviewed and if a court orders a stay of the removal, the date of the court's final order; or (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. See 8 U.S.C. §1231(a)(1)(B).

In Zadvydas, supra, upon which petitioner Linton relies, the Supreme Court found that 8 U.S.C. §1231(a)(6) does not authorize the INS to hold legally admitted, but removable, aliens in custody indefinitely. Rather, Zadvydas held that while a legally admitted alien can be detained during the 90-day "removal period" contemplated by the statute, the alien can be held after that period for only a "reasonable period," which is presumed to be six months, unless the INS can show that there is a "significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 698-701.

The Court in Zadvydas provided a standard for federal courts considering habeas corpus petitions under §241 of the INA, stating:

> [T]he habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute.

Zadvydas, 533 U.S. at 699-700. Under Zadvydas, in order to obtain his/her release after the presumptively valid 6-month

5

period, the petitioner has the burden of showing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id., at 701. If the petitioner meets his/her burden of showing that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the burden shifts to the respondent to "respond with evidence sufficient to rebut that showing." Id. Then, if removal is not reasonably foreseeable, the Court should deem the alien petitioner's detention unlawful, and release him/her subject to conditions and supervision. Id. at 700.

In this case it is undisputed that the petitioner Linton has been detained longer than the 6-month period contemplated by the Court in Zadvydas. The Respondent, in this case cites Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11 Cir. 2002), noting that therein the Eleventh Circuit, in accordance with Zadvydas, held that a showing of detention in excess of 6 months beyond the date of a removal order is not enough. Rather, the alien must also provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Akinwale, supra, 287 F.3d at 1052. The Respondent, here, argues that Petitioner Linton's writ should not be granted because he has not shown there is no likelihood of his removal in the reasonably foreseeable future. The Respondent acknowledges that Linton has asserted that the Jamaican government will not issue travel documents, based on his argument that he may be recognized as both a Jamaican citizen and as a British subject. The Respondent, however, argues, as is supported by the record, that the Consul General of Jamaica advised Linton by letter on 2/12/2010 that although standard operating procedure required issuance of a travel document pending appeal of an order of deportation, it intends to issue a travel document following resolution of Linton's habeas corpus action (this case). See Ex.K. (See also Linton's Exs.B and C at DE#9, consisting of the Consulates 2/12/2010 letter, and

6

Linton's 2/22/2010 response). The Jamaican Consulate further acknowledged that it had previously withdrawn the issuance of a travel document "to accommodate the outcome of several appeals you have filed in succession, each of which has been denied." Id.. The Consulate further noted that Linton's claim to British citizenship "does not preclude the appropriate facilitation by the Consulate-General in due course of the issuance of travel documents as requested by the DHS for your return to Jamaica under an Order of Deportation. Ex.K. Finally, the Consulate noted that it is awaiting a decision in the present habeas corpus action, which it deems "a legitimate filing," after which it will take "the necessary action to bring your case to a conclusion." Id.

The Respondent is correct in arguing that the Jamaican Consulate's acknowledgments that Linton is a Jamaican national, and that it intends to issue a travel document pending the decision in his habeas corpus action (this case), undermine Petitioner Linton's ability to meet his initial burden of showing that his removal will not occur in the reasonable foreseeable future. The Respondent correctly notes that the Courts have held that a delay in issuance of travel documents does not, without more, establish that a petitioner's removal will not occur in the reasonably foreseeable future, even where the detention extends beyond the presumptive 180 day (6 month) presumptively reasonable period. See Fahim v. Ashcroft, 227 F.Supp.2d 1359, 1365 (N.D.Ga. 2002) (rejecting petitioner's argument that travel documents had not yet been issued by the foreign consulate for Egypt despite the government's efforts to obtain them, and noting that although progress in obtaining the documents was slow, Egypt accepts its nationals for repatriation and the passage of time without a showing of a barrier to repatriation does not suffice to establish that removal will not occur in the reasonable foreseeable future); McKenzie v. INS, 2005 WL 452371 (E.D.Pa. 2005) (holding that Zadvydas was inapplicable, where court stayed removal pending litigation, and there was no

7

evidence that Jamaica fails to accept its nationals); <u>Gonzalez v. BICE</u>, 2004 WL 839654 (N.D.Tex. 2004) (holding that alien was not entitled to release where travel document was issued but misplaced, and evidence established that the country to which alien was to be removed routinely issues travel documents for its citizens).

The Respondent, through its "Return" (DE#8) and supporting Appendix has demonstrated that the United States government has diligently sought issuance of Linton's travel documents in order to execute his removal order. As shown by the Affidavit of Deportation Officer Lesly Molina-Company (Ex.L), the Respondents notified the Jamaican Consulate, after each of Linton's numerous challenges and appeals to his removal order, that they had been rejected/denied, and the Respondents renewed their requests for issuance of the travel documents. As noted, <u>supra</u>, and as stated in Molina-Company's Affidavit, on 2/18/2010, a member of the staff of the Jamaican Consulate advised the Respondent that it would issue the necessary travel document following a decision in this habeas corpus proceeding. (<u>See</u> Ex.K, and Ex.L).

It is apparent that the petitioner has not met his initial burden of showing that there is good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

The Respondent argues, alternatively, that the Court should determine that Linton's removal period has been suspended by virtue of his failure to assist with completion of documents necessary to effect his departure from the United States. The Respondent argues that, despite Linton's aforementioned contention that in three ways he has assisted the Respondents in their efforts to remove him, that contention is belied by the record. Specifically, the respondent notes that Linton refused to be fingerprinted for travel documents, refused to acknowledge service of Form I-229(a)

["Warning for Failure to Depart"], and refused to accept the Instruction Sheet to Detainee Regarding Requirement to Assist in Removal." <u>See</u> Ex.L, Molina-Company Affidavit. The Respondent also cites Composite Ex.M, reflecting refusals by Linton in December 2008, and March, April, May, June, July, and November of 2009 in regard to those matters [Fingerprints, Form I-229(a), and the Instruction Sheet]. In addition, the Respondent demonstrates resistance/refusal by Linton to assist in determining whether he might be recognized as a British citizen, by failing to complete necessary paperwork for a British passport. <u>See</u> Ex.L, Molina-Company Affidavit.

It is noted that Linton's Ex.A at DE#9 consists of a Form I-229(a), dated 10/7/08, bearing his signature, and an Instruction Sheet to Detainee Regarding Requirement to Assist in Removal, dated 10/7/2008, which also appears to bear his signature.

To the extent that Linton's refusals to participate in the process of his deportation may be deemed to have contributed to or frustrate the government/Respondent's efforts to effect his removal, the Respondent is correct in arguing, in the alternative, that those actions (demonstrating refusal to cooperate) serve to undermine the petitioner's contention that he should be released, and instead serve to toll or suspend his removal period.

Section 241(a)(1)(C) of the Act ("INA"), provides that an alien awaiting deportation pursuant to 8 U.S.C. §1231 may remain detained for an extended period of time if the alien "fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C).

Accordingly, courts have held that the decision in Zadvydas does not prevent an alien who does not provide adequate or accurate information to the DHS form being detained beyond the presumptively valid six month period. See Joseph v. Chertoff, 2006 WL 1722593 (D.N.J. June 19, 2006) ("Zadvydas does not save an alien who fails to provide requested documentation to effectuate his removal"); Cushnie v. Mukasey, et al., No. 08-3310 (FSH), 2009 WL 331415, at *3 (D.N.J., Feb. 10, 2009) (although petitioner had been detained for a year after his removal became final, he had failed to provide customs and immigration with adequate and accurate information to verify his Jamaican citizenship; the Court found that he was an unwilling participant in the removal proceedings, and that in such a case Zadvydas does not serve to "save" him, "because an alien cannot convincingly argue that there is no significant likelihood of removal in the reasonable forseeable future 'if the detainee controls the clock.'") (quoting Joseph v. Chertoff, 2006 WL 1722593 (D.N.J. June 19, 2006). See also Brown v. Gonzalez, No. 4:06cv525-RH/WCS, 2007 WL 2790585 (N.D.Fla., Sept. 23, 2007)(removal period tolled pursuant to 8 U.S.C. §1231(a)(1)(A) due to alien's lack of meaningful assistance); Flemming v. Laughlin, No. 4:08-CV-20 (CDL), 2008 WL 4811177 (M.D.Ga., Oct. 27, 2008)("alien cannot hinder his deportation and then complain of his continued detention"); Pelich v. INS, 329 F.3d 1057, 1061 (9 Cir. 2003)(holding that an alien cannot assert a viable constitutional claim when his detention is due to his failure to cooperate with efforts to remove him").

### III   CONCLUSION

In sum, in this case, it is apparent that petitioner Linton's detention is not indefinite, so as to violate Zadvydas; he has failed to demonstrate that there is not a significant likelihood that he will be removed from the United States in the reasonably foreseeable future; and it is appears that delay in effecting his removal is, at least in part, due to his own failure to cooperate on certain dates, as demonstrated through Respondent's exhibits.

For the above stated reasons, it is recommended that petitioner Linton's petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, asserting that he must be released because he has been held in detention for a period exceeding 6 months after his removal order, should be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated: October 4th, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Ivan Eric Linton, Pro Se
    A 21 148 528
    Krome Detention Center
    18201 S.W. 12th Street
    Miami, FL 33194

    Milton Aponte, AUSA
    U.S. Attorney's Office
    99 N.E. 4th Street
    Miami, FL 33132